UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: DAVID A JONES, JR & )
TOYA JONES ) Chapter 13
)
Debtor(s). ) Bk. Case No: 19-10768

## SECOND AMENDED CHAPTER 13 PLAN

**I. Notice**

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

X   The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
☐   The plan will seek avoidance of a lien or security interest
☐   The plan contains nonstandard provisions in paragraph VI

**II. Plan Payments and Length of Plan:** The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of $1,580.00 for 6 months, $1960.00 for 54 months of the 60 month Plan.

**Plan is staggered to give debtors 6 months to obtain a loan modification on the mortgage.**

Debtors shall make all future monthly plan payments on time, upon failure to do so, this case shall be dismissed without further notice or hearing by Certification of Default filed by the Chapter 13 Trustee.

**III. Plan Distribution:** From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. **Priority Claims:**
   Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.

|  |  |
|---|---|
| X☐ (A) Debtor's Counsel Fees: | $3,800.00 |
| X☐ (B) Priority Taxes: IRS 2012, 2017, 2018 | $17,984.34 |
| DDOR, 2012, 2017 2018 | $4,000.00 |

☐ (C) Domestic Support Obligations_____

☐ (D) Other Priority or Administrative Expenses_____

2. **Secured Claims–(boxes must be checked)**
   ☐ Pro-rata with or
   ☐ subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

X☐ (A) Long term or mortgage debt ARREARAGE ONLY, to be paid to Bayview Loan Servicing_ $16,567.59 the real property located at 2103 Barr Road, Wilmington, De 19808. This amount includes 1 post-payment. Loan modification papers have been submitted. If the loan modification is denied. Arrears will be paid through the Plan.

X☐ Debtor shall continue to make regular post-payments directly to Bayveiw Loan Servicing

This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

X☐ (B) Secured Vehicle debt (cramdown) - Pro-rata payments to: HCAC in the amount of $3,350.00 @ 6.0% for payment in full of the value of property for the 2002 Dodge Ram. Total payments will be $3,885.60. Title to vehicle to released once this amount is paid in full.

Pro-rata payments to: HCAC in the amount of $6994.00 @ 6.0% for payment in full of the value of property for the 2005 Cadillac Deville. Total payments will be $8112.60. Title to vehicle to released once this amount is paid in full.

Pro-rata payments to: Robbins Auto in the amount of $300.00 @ 6% for payment in full for the value of the property for the 1999 Ford Econoline Van. Total payments will be $328.80. Title to vehicle to released once this amount is paid in full.

Pro-rata payments to Regional Acceptance in the amount of $8,000.00 @ 6% in the full amount of the value of the property for the 2012 Nissan Altima. Total payments will be $9,279.60. Title to vehicle to released once this amount is paid in full.

Pro-rata payments to: Northeastern Title Loans LLC in the amount of $5,055.00 @ 6% in full amount of the value of the property for the 2009 Chevy Malibu. Total

payments will be $5,863.80. Title to vehicle to released once this amount is paid in full.

**AMENDED TO CORRECT THE NAME OF THE LIEN HOLDER.**

Pro rata payments to: Advance America in the amount $3,800.00 @ 6% in full amount of the value of the property for the 2007 Lexus ES350 Total payments will be 4,407.00 Title to vehicle to released once this amount is paid in full.

☐ (C) Secured Vehicle debt (910 car claim) - Pro-rata payments to ____ in the
☐ (D) Other secured debt: _____

3. **Surrender of Collateral and Co-Debtor Relief:**
   ☐ (A) Debtor surrenders secured collateral to: (Name of creditor and collateral)_____ Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. Section 362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

   ☐ (B) Co-Debtor relief under 11 USC Section 1301 is granted effective immediately upon confirmation of the Plan as to surrendered property.

4. **Unsecured Claims:**
   Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

   General unsecured creditors will be paid X☐ a dividend of 100% of their allowed claim or ☐ a pro rata dividend of
   X☐ 1. _____$60,000.00_____ BIOC or
   ☐ 2. _____Disp. Income x 60 months as calculated under Section 1325(b), or
   ☐ 3. a pro-rata dividend from the base plan, if any.

IV. **Leases or Executory Contracts:** (If applicable) The following leases or executory contracts of the debtor will be treated as follows:

V. **Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to

disburse undistributed plan payments to allowed claimants in accordance with this Plan.

**VI. Nonstandard Provisions**: Any other nonstandard provision placed elsewhere in this plan is void.

**VII. Filing Proof of Claim Required**: A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms, then click on Bankruptcy Forms, the Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

| | |
|---|---|
| /s/ DAVID A JONES JR. | September 23, 2019 |
| Debtor's Signature | Date |

| | |
|---|---|
| /s/ TOYA JONES | September 23, 2019 |
| Joint Debtor's Signature | Date |

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

| | |
|---|---|
| /s/VIVIAN A HOUGHTON | September 23, 2019 |
| Attorney for Debtor(s) | Date |

## CHAPTER 13 PLAN ANALYSIS

RE: DAVID A JONES JR & TOYA JONES  
Prior: Bankruptcy ( ) Chapter 13 (X)  
Estimated Length of Plan 60 Months  

CASE No: 19-10768  
Date: August 22, 2019  
Trustee Use  

341 Meeting Date _____  
Continued: _____  
Confirmed Date: _____  

### TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A. TOTAL PRIORITY CLAIMS (Class One)

    i) Unpaid Attorney fees ------------------------- $ 3,800.00

    ii) Taxes.............................................................. $ 21,985.34

    iii) OTHER........................--------------------- - $

TOTAL OF PAYMENTS TO CURE DEFAULTS (Class two)............ 16,567.59

TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three)............ 31,877.40

TOTAL OF PAYMENTS ON UNSECURED CLAIMS (Class four)............ 34,000.00

SUB-TOTAL............................................................................................... 108,240.33

TOTAL TRUSTEE'S COMPENSATION (% OF debtor's payments)... 7,576.13

TOTAL DT AND ADMINISTRATIVE EXPENSES.............................. 115,806.46

RECONCILIATION WITH CHAPTER

B. INTEREST OF CLASS FOUR CREDITORS IF CHATPER 7 FILED

    I) Value of debtor's interest in nonexempt property...........................

    ii) Plus: Value of Property recoverable under avoiding powers..............

    iii) Less: Estimated Chapter 7 administrative expense.............................

    iv) Less: amounts payable to priority creditors other than

                   Costs of admin.............................................

    v) Equals: estimated amount payable to Class 4 creditors if

                   Chapter 7 filed......................................

C. ESTIMATED DIVIDINED FOR CLASS FOUR UNDER CHAPTER....................

D. ESTIMATED DIVIDEND UNDER PLAN........................................................

/s/ VIVIAN A HOUGHTON ESQUIRE          /S/DAVID A JONES, JR  
                                                                DEBTOR

                                                                 /S/TOYA JONES  
                                                                    DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In RE: | : |
| DAVID A JONES JR. & | : Case No. 19-10768 |
| TOYA JONES | : Chapter 13 |
| Debtor | : |

## CERTIFICATE OF SERVICE

I, Lucia C. Spillan, paralegal to Vivian A. Houghton, Esquire do hereby certify that on the 23RD day of September 2019 one (1) true copy of the Amended Chapter 13 Plan filed on September 23, 2019 was mailed postage paid to:

Michael B Joseph, Esquire
824 N Market Street 1002
Wilmington, DE 19801

All names and addresses listed on Debtor's mailing matrix

Dated: September 23, 2019         /s/ LUCIA C SPILLAN
Lucia C Spillan, paralegal to
Vivian A Houghton Esquire
800 West Street
Wilmington DE 19801
(302) 658-0518
Attorney for Debtor